No. 28,510.

O. HATTAN and A. H. TORRENS, *Appellees,* v. TERESA CASSIDY WALKE, NELLIE F. CASSIDY, MARY CASSIDY and THE INDEPENDENCE SAVINGS AND LOAN ASSOCIATION, *Appellants.*

(274 Pac. 213.)

Opinion filed February 9, 1929.

*C. J. Bryant* and *Edward Curry,* both of Independence, for the appellants.

*T. S. Salathiel,* of Independence, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for the recovery of a balance alleged to be due for the erection of a house. The case was referred to a referee, who returned findings and conclusions favorable to plaintiffs. The court approved such findings and conclusions, and defendants appeal.

The facts are substantially as follows:

On September 1, 1926, the parties executed a contract wherein the plaintiffs agreed to erect a bungalow according to certain plans which called for a house of the approximate dimensions of 24 feet

by 48 feet for an agreed price of $1,800, the material in an old house and barn on the premises to be used where suitable. The referee found:

"That there was a mutual mistake in writing said contract, in that the dimensions of said house were written 'dimensions of said house to be 24 feet by 38 feet by 9 feet to eaves' when it should have read '24 feet by 48 feet by 9 feet to eaves.'

"That plaintiffs, who were experienced contractors, prepared said contract and presented same to the defendants, who were inexperienced in such matters, for execution, and neither the defendants or their attorney, who examined said contract prior to its execution by them, observed such discrepancy between the floor plan and the written contract.

"That plaintiffs thereafter erected on said premises a bungalow of the dimensions of 24 feet by 40 feet with a back porch, completing same on January 3, 1927.

"That by several oral agreements, made subsequent to said written contract, the length of the house was fixed at 40 feet and a rear porch added. Many other changes in the floor plans as shown by said 'bungalow No. 124' were made by the plaintiffs in the erection of said house, but the testimony as to the authority for making such changes is so conflicting that your referee is unable to find that said changes were agreed upon, or accepted by the defendants. The floor plans of 'bungalow No. 124' were not presented to the defendants at the time said oral agreement was made to change the length to 40 feet.

"That said house, as built, is reasonably worth the sum of $350 less than a house of the same class of materials and workmanship, built in accordance with the floor plans of said 'bungalow No. 124' shown on said exhibit A and described in said contract.

"That by reason of said changes in plans, the extra labor and materials furnished by plaintiffs were of the reasonable value of $494.54.

"That the reasonable value of said back porch is $116.80 and the reasonable value of the extra 2-foot extension at 27 cents per cubic foot (as fixed by the witness Smith) is $116.64. Both of these items are included in the item of extra labor and materials set out in finding No. 7.

"That the plaintiffs left the cellar and cellarway in an unfinished condition, to remedy which the defendants were compelled to expend the sum of $25.

"That the account between the parties is as follows:

| | | |
|---|---:|---:|
| Original contract | $1,800.00 | |
| Extra labor and materials | 494.54 | |
| | | $2,294.54 |
| Paid to plaintiffs and for labor and materials in their behalf and on and prior to February 7, 1927 | $1,571.79 | |
| Repairs on cellar and cellarway | 25.00 | |
| Balance due plaintiffs | 697.75 | |
| | | $2,294.54 |

"CONCLUSIONS.

"1. That the plaintiffs are entitled to judgment in the sum of $697.75, with interest from February 7, 1927, at the rate of 6 per cent. That said sum

constitutes a valid first lien on said premises, and plaintiffs are entitled to foreclose said lien.

"2. That the costs should be equally divided."

Plaintiffs filed a motion for judgment on findings of fact and conclusions of law. Defendants filed a motion for judgment on the special findings, notwithstanding conclusions of law. The court sustained plaintiffs' motion and accordingly entered judgment.

Defendants contend that the findings and conclusions of the referee are so inconsistent that the judgment should be reversed and directed in their favor, for the difference between the amount due under the contract and the sum of $350 (the amount found by the referee to be the difference between the contract price and the value of the house as constructed). The referee found that there was a mutual mistake in writing the contract wherein the dimensions of the house were stated as 24 feet by 38 feet instead of 24 feet by 48 feet and that the house as built was worth $350 less than the house actually agreed upon.

It will be noted that the referee also found that extra labor and materials were furnished by the plaintiffs by oral agreement made between the parties subsequent to the execution of the written contract; that of these extras the back porch is of the reasonable value of $116.80 and that the reasonable value of an extra two-foot extension was $116.64, but that other than concerning these the testimony as to authority for changes was so conflicting that the referee was unable to say that they were agreed upon or accepted by the defendants.

We conclude that the plaintiffs are entitled to recover the original contract price of $1,800, in addition to the two extra items agreed upon ($116.80 and $116.64) less the several amounts for which the defendants are entitled to credit, viz., $1,571.79 already paid; $350, because the house as constructed is worth that amount less than the original agreed price; and $25, which defendants were obliged to expend for repairing the cellarway and for which the referee found the defendants should be allowed credit; and that the judgment be modified accordingly.

The judgment as modified is affirmed.